# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | No. 4:17-CR-00255 |
|---|---|
| | (Judge Brann) |
| v. | |
| GRADY NEAL, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### SEPTEMBER 27, 2019

Defendant Grady Neal was indicted by grand jury with possession of a controlled substance following a late-night traffic stop.[1] On January 19, 2018, Neal moved to suppress the obtained evidence on the grounds that the arresting officers lacked a reasonable suspicion for the stop and that they lacked authorization to act outside of their home jurisdiction.[2] On April 3, 2018, this Court held a hearing on Neal's motion to suppress.[3] The only witness called at that hearing was Officer Kurt Hockman.[4] Relying in significant part on Officer Hockman's testimony, which I found at the time to be credible, I denied Neal's motion to suppress.[5]

---

[1] For a more granular recitation of the facts, *see United States v. Neal*, Crim. No. 17-255, 2018 WL 3008488, at *1–2 (M.D. Pa. June 15, 2018) (ECF No. 49).

[2] *See* Grady Neal's Br. in Supp. of Mot. to Suppress Evid. Obtained from Illegal Vehicle Stop 2, ECF No. 23.

[3] *Neal*, 2018 WL 3008488 at *1.

[4] Hr'g Tr. 2, ECF No. 55.

[5] *Neal*, 2018 WL 3008488 at *5.

Since that time, new evidence from Officer Hockman's personnel file bearing on his credibility has come to light. This evidence was not but perhaps should have been produced prior to the suppression hearing pursuant to the Government's obligations under *Brady*[6] and *Giglio*.[7] In response to this development, as well as the Pennsylvania Supreme Court's recent decision in *Commonwealth v. Hlubin*,[8] Neal now moves for reconsideration of the denial of his motion to suppress.

While motions for reconsideration should be granted sparingly, the District Court has discretion to do so where there is new evidence that was not previously available, an intervening change in the controlling law, a clear error of law, or the need to prevent manifest injustice.[9] New evidence that impeaches a witness may be the foundation for a motion for reconsideration where there is a strong exculpatory connection between the new evidence and the basis on which the Court's decision was made.[10]

In *United States v. Waller*,[11] the United States District Court for the Western District of Pennsylvania considered a defendant's motion for reconsideration following a denial of his motion to suppress. In initially denying the motion, the court relied on the testimony of the responding police officers, including testimony regarding what a

---

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

[7] *Giglio v. United States*, 405 U.S. 150 (1972).

[8] 208 A.3d 1032 (Pa. 2019).

[9] *United States v. Kalb*, Crim. A. No. 16-12, 2017 WL 132164, at *1 (E.D. Pa. Jan. 13, 2017), *aff'd* 891 F.3d 455 (3d Cir. 2018).

[10] *See United States v. Korbe*, Crim. No. 09-5, 2010 WL 4676116, at *5 (W.D. Pa. Nov. 9, 2010); *cf. United States v. Quiles*, 618 F.3d 383, 394 (3d Cir. 2010).

[11] Crim. No. 14-40, 2015 WL 451104 (W.D. Pa. Feb. 3, 2015).

witness referred to as "R.N." told them on the night of the incident, in finding that the officers had reasonable suspicion to stop the vehicle.[12] However, Waller later obtained the transcript of R.N.'s grand jury testimony and an affidavit from another key witness that undermined the credibility of the officers' testimony.[13] Because the new evidence meaningfully attacked the credibility of the evidence the court relied on in reaching its suppression decision, the court scheduled an evidentiary hearing for the defendant to present evidence challenging the prior testimony of the officers.[14] The court emphasized that scheduling the evidentiary hearing did not mean that the motion for reconsideration would necessarily be granted and that the hearing was to be limited to evidence on the pending motion.[15]

I find this to be the proper approach in Neal's case. The documents in Officer Hockman's personnel file raise concerns about his credibility in this matter. Given the centrality of his testimony to both the Government's suppression arguments and my ultimate decision on the motion, Neal should have the opportunity to confront him with this evidence.

I will not, however, hear argument on the issue of whether the police officers exceeded their jurisdiction under Pennsylvania law. I previously addressed this possibility in my memorandum opinion on Neal's motion to suppress:

---

[12] *Id.* at *3.

[13] *Id.*

[14] *Id.* at *5.

[15] *Id.*

In *Virgina v. Moore*, the Supreme Court of the United States held that "[a] State is free to prefer one search-and-seizure policy among the range of constitutionally permissible options, but its choice of a more restrictive option does not render the less restrictive ones unreasonable, and hence unconstitutional." The *Moore* Court wrote therefore, that state law restrictions do not alter the Fourth Amendment's protections. Here, both the MPJA and the Pennsylvania special detective statute are state laws which affect the territorial limits of a municipal officer's primary jurisdiction. When presented with this issue, both our Court of Appeals and courts within this Circuit have found that a violation of these state laws does not constitute a Fourth Amendment violation. Therefore, *even if Officers Hockman and Herb acted beyond their authority granted by either the MPJA or the special detective statute*, I find that such a violation would not require the suppression of the evidence seized.[16]

The Pennsylvania Supreme Court's holding in *Hlubin* pertains only to state law—not the Fourth Amendment—and as such is of no moment here.[17] Even if it were, I also found in my prior opinion that the officers acted within an MPJA exception,[18] as *Hlubin* would require.[19] Neal has not demonstrated that controlling law has changed, and I therefore will not reconsider this issue.

For the reasons stated above and the Court's *in camera* review of the documents and the pertinent filings in this case, **IT IS HEREBY ORDERED** that:

1.    The Court will convene an evidentiary hearing on Defendant's Motion for Reconsideration (ECF No. 79) on **November 20, 2019**

---

[16] *Neal*, 2018 WL 3008488 at *3 (emphasis added and footnotes omitted).

[17] *See id.* at *3 n.41 (collecting cases).

[18] *Id.* (citing 42 Pa.C.S.A. § 8953(a)(1)).

[19] *See Hlubin*, 208 A.3d at 1042.

**at 10:00 a.m.** in Courtroom No. 1, United States Courthouse and Federal Building, Fourth Floor, 240 West Third Street, Williamsport, Pennsylvania.

2.     At the time of the hearing, counsel shall submit three (3) complete exhibit lists (see attached form) and two (2) complete sets of exhibits for the Court's use, in addition to the original copies that will be offered into evidence. The lists and exhibits shall be contained in 3-ring binders. (At the conclusion of the hearing, counsel shall be responsible for assuming custody of all of their respective original exhibits).

3.     At the time of the hearing, the parties may also submit to the Court three (3) copies of a concise Table of Authorities listing the legal sources on which they plan to rely in addition to their exhibit binders detailed above.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

**Caption:** _____

**Case No.:** _____

**Judge:** _____

## EXHIBIT LIST

| Completed by Counsel | | Completed by Courtroom Deputy | | |
|---|---|---|---|---|
| Exhibit No. (P/D-#) | Exhibit Description | Date Identified | Date Admitted | Witness |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |