UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:17-CR-255-1 |
| | ) | |
| | ) | (BRANN, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| GRADY NEAL, | ) | |
| Defendant | ) | |

<u>MEMORANDUM FOR COVID-19 BAIL DECISION</u>
*Defendant Neal's Motion to Revoke Detention Order, Doc. 108*

I.    INTRODUCTION

Before the Court is Grady Neal's Motion to Revoke Detention Order. (Doc. 108). In his Motion, Mr. Neal argues that, because of the compelling circumstances presented by the COVID-19 pandemic, he should be temporarily released pursuant to 18 U.S.C. § 3142(i). This Motion has been fully briefed and is now ripe for decision. (Docs. 109, 114).

For the reasons detailed in this Memorandum, the request for revocation of the detention order will be DENIED.

II.    BACKGROUND & PROCEDURAL HISTORY

On August 24, 2017, the Government filed an indictment charging Mr. Neal with one count of possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(1)(1). (Doc. 1). Mr. Neal is facing a 10-year mandatory minimum

sentence on this charge. Therefore, there is a presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A).

On September 13, 2017, Mr. Neal pleaded not guilty at his initial appearance. (Doc. 9). The Government moved for detention, and Mr. Neal did not oppose.

On October 3, 2019, Mr. Neal filed a Motion for Bail. (Doc. 88). On October 21, 2019, I held a hearing on that Motion. During the hearing, the Government proffered there was no condition or combination of conditions that could reasonably assure Mr. Neal's appearance or the safety of the community. Mr. Neal, a married father of three, presented testimony as to his family relationships and reported that he works out of his home as a barber. Ultimately, I concluded that Mr. Neal's family ties and past employment were not enough to rebut the presumption of detention, and that no combination of conditions would assure Mr. Neal's appearance at trial or the safety of the community. Therefore, I ordered that he be detained. (Doc. 92).

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, that the reasons for detention included the following: Mr. Neal has a lengthy criminal history; Mr. Neal has a history of providing false names; Mr. Neal will be subject to a lengthy period of incarceration if convicted; and, Mr. Neal has, in the past, failed to comply with the terms of court supervision and was charged with the crime in the above-captioned case while on state parole.

On April 1, 2020, Mr. Neal filed a Motion requesting that the detention order issued in December 2019 be temporarily rescinded, and that he be released on unsecured bail, in light of the exceptional circumstances presented by the COVID-19 pandemic. (Doc. 108). The Government opposes this Motion. (Doc. 114). The parties do agree, however, that an in-court hearing on this motion is not necessary because a hearing was held in December 2019. Accordingly, this Motion is ripe for decision.

III. DISCUSSION

In his Motion. Mr. Neal requests that he be temporarily released pursuant to 18 U.S.C. § 3142(i) in light of the compelling circumstances presented by the COVID-19 pandemic. In support of this request, Mr. Neal argues:

> Defendant is being housed in Lycoming County Prison. That facility is antiquated and was designed years ago to maximize control of the population that is incarcerated. It is overcrowded, has poor ventilation, and lacks adequate access to the hygienic materials and cleaning supplies needed to limit the spread of COVID-19. The physical structure of the Prison does not allow for the social distancing that has been suggested. The physical structures does not allow inmates to humanly isolate themselves even if they are sick.
>
> For these reasons, transmission of the infectious disease in the Lycoming County Prison would not be uncommon particularly in light of the lack of masks or protective gear.
>
> It is no longer a question of whether or when COVID-19 will spread through the prison system as it already has in Pennsylvania. On March 29, 2020, the PA Department of Corrections has reported that at least

> one inmate and 3 employees have tested positive in S.C.I. Montgomery County, PA.
>
> On March 30, 2020, the Bureau of Prisons reported 19 inmates and 19 employees have tested positive. They also reported that the first inmate has died from complications of COVID-19.

(Doc. 109, p. 3).

In response, the Government argues:

> The Defendant does not argue he has any specific concerns about his likelihood to contract COVID-19 while being held at Lycoming County Prison, nor does he raise any specific concerns about any unique health risks he may face should he contract the virus.
>
> The United States submits that the Court should decline to use the defendant's generalized concerns about COVID-19 as a reason to reconsider the Order of Detention in this case. Should the Court deem COVID-19 material to its detention analysis, and reconsider its prior ruling, the factors and facts that justify detention in the first instance must still be considered. Those factors continue to support an unchanged reality: the defendant has failed to overcome the presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

(Doc. 114, p. 12).

"The Court is mindful that it bears a fiduciary responsibility to that those that are detained in jails and prisons. The incarcerated look to the Courts for protection of their health, welfare and personal rights in general. However, the Courts are not on the front line. That space is rightly occupied by corrections officials and their

administration."[1] The Chief Judge of this Court issued Standing Order 20-5 on March 25, 2020, requiring all detention facilities where persons are being held by order of this court to notify the Chief Judge and the judicial officer who signed the detention order if a federal detainee is in medical isolation or quarantine for any reason.[2]

The Pennsylvania Supreme Court issued an Order on April 3, 2020, directing each county president judge to work with the relevant stakeholders to fashion localized plans for dealing with COVID-19 in county jails:

> We DIRECT the President Judges of each judicial district to coordinate with relevant county stakeholders to ensure that the county correctional institutions in their districts address the threat of COVID-19, applying the recommendations of public health officials, including the CDC's Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities (Mar. 23, 2020).

---

[1] *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 (slip copy) (D. Md. Mar. 24, 2020).

[2] "…Further, each detention center shall promptly notify the Marshal for this District of any federal detainee who is in medical isolation or quarantine at their facility for any reason, promptly upon the entry of such detainee into such status. The Marshal shall then so notify the undersigned and the judicial officer who entered the Order of commitment of such status.

The Clerk's Office is DIRECTED to transmit a copy of this Order to the U.S. Marshal, who shall advise each involved detention center of its content, and who shall provide a copy of same to each detention center and each relevant law enforcement agency."

Standing Order 20-5.

> If utilization of public health best practices is not feasible due to the population of the county correctional institutions, President Judges should consult with relevant county stakeholders to identify individuals and/or classes of incarcerated persons for potential release or transfer to reduce the current and future populations of the institutions during this health crisis with careful regard for the safety of victims and their communities in general, with awareness of the statutory rights of victims, and with due consideration given to public health concerns related to inmates who may have contracted COVID-19. Moreover, consistent with these above considerations, President Judges are to undertake efforts to limit the introduction of new inmates into the county prison system.[3]

This case comes before us for consideration of a motion for temporary release of the defendant filed pursuant to 18 U.S.C. § 3142(i), which provides that:

> The judicial officer may, . . ., permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

The determination of whether Mr. Neal has established compelling reasons which now warrant temporary release from custody must take into account the important considerations of public safety and flight which animated the original decision to detain the offender pending trial. Thus, "in considering the propriety of temporary release, the court would need to balance the reasons advanced for such

---

[3] *In Re: The Petition Of The Pennsylvania Prison Society*, No. 70-MM-2020, slip op. at pp. 2-3 (Pa. April 3, 2020) (per curiam).

release against the risks that were previously identified and resulted in an Order of Detention." *United States of America v. Cox*, 2020 WL 1491180, *2 (D. Nev. Mar. 27, 2020). In practice, therefore, a decision on a motion seeking release under § 3142(i) entails an informed judgment assessing both individual health concerns and broader public safety interests. In reaching these judgments the court must:

> [E]valuate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."
> § 3142(i)

*United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020).

In this case, the original grounds for Mr. Neal's pretrial detention remain in effect.

As noted by the Government, Mr. Neal has asserted only general concerns related to exposure to COVID-19 common to all inmates in an institutional setting. Mr. Neal has not identified any specific health challenges that place him at greater risk. However, under § 3142(i), the Court cannot grant release of a defendant previously deemed to be a danger to public safety or a risk of flight "based solely on

the generalized risks that COVID-19 admittedly creates for all members of our society." *United States v. Lee*, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *6 (D.D.C. Mar. 30, 2020). Mr. Neal is presently detained at the Lycoming County Prison. As of the filing of this Opinion, no notice has been received from the Lycoming County Prison that Mr. Neal is in medical isolation or quarantine for any reason.

IV.   CONCLUSION

For all of reasons set forth above, Mr. Neal has failed to rebut the presumption of detention, and further he is not entitled to a reconsideration of the Court's Order of Detention under 18 U.S.C. § 3142(i). Therefore, his motion for bail is DENIED without prejudice.

An appropriate order follows.

Date: April 16, 2020                                BY THE COURT

*s/ William Arbuckle*
William Arbuckle
U.S. Magistrate Judge